IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NICHELLE COSTON, JOANN FULLER and LESTER FULLER, on behalf of themselves and all other similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 7:24-cv-851 |
| v. | ) ) | CLASS ACTION |
| GFL ENVIRONMENTAL, INC. d/b/a SAMPSON COUNTY DISPOSAL, LLC | ) ) ) ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**NOW INTO COURT** comes Plaintiffs Nichelle Coston, JoAnn Fuller and Lester Fuller, ("Plaintiffs") pursuant to Rule 23 of the Federal Rules of Civil Procedure and files this Class Action Complaint ("Complaint"), individually and on behalf of all others similarly situated, by and through their undersigned attorneys, raising claims of private nuisance, public nuisance, and negligence against Defendant GFL Environmental, LLC ("Defendant").

The allegations in this Complaint are presented upon information and belief, except as to those allegations which pertain to the named Plaintiffs, which are alleged on their personal knowledge.

**I.     NATURE OF THE ACTION**

1.     This is a proposed class action for private nuisance *per accidens*, public nuisance, and negligence. Plaintiffs are the owners of private residential property in

1

Sampson County, North Carolina residing within four (4) miles of Defendant Sampson County Disposal's landfill (hereinafter, the "Landfill") located at 7434 Roseboro Hwy, Roseboro, Sampson County, North Carolina, 28382.

2. Specifically, Plaintiffs allege that the Landfill releases noxious odor emissions into surrounding residential areas that interfere with Plaintiffs' use and enjoyment of their private property and diminishes the value of Plaintiffs' property.

3. Plaintiffs allege that the noxious odor emissions from the Landfill are a result of Defendant's negligent and/or reckless construction, operation, and/or maintenance of the Landfill, which can be remedied at a reasonable cost to Defendant.

4. As a result of Defendant's noxious odor emissions invading their private residential property, Plaintiffs have suffered injury in the form of loss of use and enjoyment of property, deprivation of the full value of their property, and diminution in property value.

## II. PARTIES

5. Plaintiff, Nichelle Coston, has at all relevant times resided at 403 North Pine Street, Roseboro, North Carolina, 28382. Plaintiff rents her property.

6. Plaintiffs, JoAnn and Lester Fuller, have at all relevant times resided at 608 North Pine Street, Roseboro, North Carolina, 28382. Plaintiffs own their property.

7. Defendant is a for-profit limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in Canada.

8. The Landfill is located at 7434 Roseboro Hwy, Roseboro, Sampson County, North Carolina, 28382.

9. At all relevant times, Defendant, its agents, and its predecessors did and

continue to do business in Roseboro, North Carolina.

10. Defendant has at all times relevant hereto exercised ownership and/or control over the Landfill.

## III. JURISDICTION AND VENUE

11. This Court has original jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). There are 100 or more class members and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

12. Plaintiffs are citizens of Sampson County in the State of North Carolina and Defendant GFL Environmental, LLC is a citizen of Delaware with its principal place of business located at 100 New Park Pl, Suite 500, Vaughan, Ontario, Canada, L4k 0H9. None of Defendant's members are citizens of North Carolina.

13. Independent of and in addition to original jurisdiction under CAFA, this Court has original jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a)(1).

14. The Court has personal jurisdiction over Defendant, who has at least minimum contacts with the state of North Carolina, because it regularly conducts business in North Carolina through ownership and operation of the Landfill.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place in this District, and because the property that is the subject of this action is situated in this District.

**FACTUAL ALLEGATIONS**

16. Defendant owns and operates a nearly 1,300-acre landfill which annually accepts millions of tons of waste. Defendant's landfill accepts construction and demolition debris as well as municipal solid waste.

17. Materials deposited into Defendant's Landfill decompose and generate (among other things) landfill gas, an odorous and offensive byproduct of decomposition which generally consists of hydrogen sulfide, methane, carbon dioxide, and various odorous compounds.

18. Landfill gas from landfills accepting commercial and industrial debris can be especially odorous given the high content of hydrogen sulfide, which is known to have a characteristic "rotten-egg" smell.

19. On frequent, recurrent, and intermittent occasions too numerous to list individually herein, Plaintiffs' property, including Plaintiffs' neighborhood, residence, yard, and personal property have been, and continue to be, physically invaded by noxious odor emissions.

20. The noxious odor emissions which invaded Plaintiffs' property originated from and were emitted by Defendant's Landfill.

21. On numerous separate and distinct occasions, Defendant has, due to negligent maintenance, construction, and/or operation, discharged noxious odors that blanket the surrounding private residential properties, causing damages to property in the form of loss of use and enjoyment and diminution in value.

22. More than 80 neighboring residents have reported to Plaintiffs' counsel that they have experienced and are adversely impacted by Defendant's noxious odor emissions.

23. The invasion of Plaintiffs' property by noxious odors from the Landfill has caused Plaintiffs and the Class actual and substantial harm.

24. Plaintiff Coston reports that she "It's hard to even enjoy your backyard or come outside. Cannot even breathe the air. A lot of times it smells horrible like a poisonous gas that fills your car as soon as you get in the vicinity of the landfill."

25. Plaintiffs, JoAnne and Lester Fuller, report that "[s]o the odors were very strong and sickening. Every night we smell something different: cigars, poop, rubber burning, smoke, etc. We cannot enjoy our porch or yard or a drive to Clinton. Must keep windows closed."

26. Plaintiffs reside within four miles of the Landfill.

27. Below is a small sampling of the factual allegations made by putative class members to Plaintiffs' counsel, demonstrating that the Landfill is the source and cause of the odor emissions that have caused damages to neighboring residential properties:

   a. Putative Class Member April Clark from Roseboro, North Carolina reported that "The smell comes through the heating/AC unit and it is sickening. The stench is horrible."

   b. Putative Class Members, Jimmie and Bernice Cooper, from Roseboro, North Carolina stated that "[t]he odor is very bad some days. We cannot sit on the porch or do outside yard work. Sometimes the smell is like something dead. Sometimes like gas. We can barely breathe on these days."

28. Defendant has a significant history of failing to control its noxious odors emissions, further demonstrated by the following:

   a) Following an inundation of community odor complaints, the North Carolina Department of Environmental Quality Division of Waste Management Solid

5

Waste Section ("NCDEQ") conducted an inspection of the Landfill in January 2023, April 2023, July 2023, September 2023, October 2023, and January 2024 noting the likely cause of the odors was a result of the landfill's expansion of their gas collection system.

b) Inspection reports from the NCDEQ found 3 flare monitoring deviations in November and December 2023. After the third notification of the Landfill's failure to properly record gas flow rate measurements, the NCDEQ issued an NOV on March 12, 2024.

c) There have also been numerous complaints to various local authorities regarding Defendant's noxious emissions.

d) There have been numerous media articles detailing the community's complaints and negative effects from the Landfill's noxious odors.

29. Defendant's Landfill has emitted, and continues to emit, objectionable odors that are detectable outside the bounds of its property.

30. The noxious odors emitted from the Landfill are offensive, would be offensive to a reasonable person of ordinary health and sensibilities, and have caused property damage as described herein, including by interfering with the ability of Plaintiffs and the Class to use and enjoy their homes and properties.

31. The Class Area is home to a wide range of commercial and recreational activities, including but not limited to agriculture, transportation, warehousing, retail trade, health care and social services, education, construction, and dining.

32. Plaintiffs and the putative Class are a limited subset of individuals in Sampson County and the Class Area, that includes only owner/occupants and renters of residential property who live within the Class Area and fit within the Class Definition.

33. Members of the public, including but not limited to businesses, employees, commuters, tourists, visitors, customers, clients, students, and patients, have experienced

6

and been harmed by the fugitive noxious odors emitted from the Landfill into public spaces; however, unlike Plaintiffs and the Class, members of the public who are outside of the Class Definition have not suffered damages of the same kind, in the form of diminished property values and/or loss of use and enjoyment of their private property.

34. The invasion of Plaintiffs' property and that of the Class by noxious odors and dust has reduced the value of and interfered with the use and enjoyment of that property, resulting in damages in excess of $5,000,000.

## IV. CLASS ALLEGATIONS

### A. Definition of the Class

35. Plaintiffs bring this action individually and on behalf of all persons as the Court may determine to be appropriate for class certification, pursuant to Federal Rules of Civil Procedure 23. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> ***All owner/occupants and renters of residential property residing within four (4) miles of the Landfill's property boundary since three (3) years before the filing of this Complaint.***

The definitional boundary is subject to modification as discovery will disclose the location of all persons properly included in the Class ("Class Members"). Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

36. This case is properly maintainable as a class action pursuant to and in accordance with Federal Rule of Civil Procedure 23:

7

a. The Class, which includes in excess of 1,500 members, is so numerous that joinder of all members is impracticable;

b. There are substantial questions of law and fact common to the Class including those set forth in greater particularity herein;

c. Questions of law and fact such as those enumerated below, which are all common to the Class, predominate over any questions of law or fact affecting only individual members of the Class;

d. The claims of the representative parties are typical of the claims of the Class;

e. A class action is superior to any other type of action for the fair and efficient adjudication of the controversy;

f. The relief sought in this class action will effectively and efficiently provide relief to all members of the Class;

g. There are no unusual difficulties foreseen in the management of this class action; and

h. Plaintiffs, whose claims are typical of those of the Class, through their experienced counsel, will zealously and adequately represent the Class.

**B. Numerosity**

37. There are in excess of 1,500 households in the proposed class and therefore is so numerous that joinder is impracticable.

**C. Commonality**

38. Numerous common questions of law and fact predominate over any individual questions affecting only individual Class Members, including, but not limited to the following:

a. whether and how Defendant negligently, knowingly, intentionally, recklessly, and grossly failed to design, operate, and maintain the Landfill and its operations;

b. whether Defendant owed any duties to Plaintiffs;

8

c.  which duties Defendant owed to Plaintiffs;

d.  which steps Defendant has and has not taken in order to control the emission of noxious odors through the construction, design, operation, and maintenance of its Landfill and its respective operations;

e.  whether Defendant met its standard of care with respect to its construction, operation, design, and maintenance of the Landfill and its operations;

f.  whether and to what extent the Landfill's noxious odor emissions were dispersed over the Class Area;

g.  whether it was reasonably foreseeable that Defendant's failure to properly construct, design, operate, and maintain the Landfill and its operations would result in an invasion of Plaintiffs' property interests;

h.  whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial and unreasonable annoyance or interference; and

i.  the proper measure of damages incurred by Plaintiffs and the Class.

**D. Typicality**

39. Plaintiffs have the same interests in this matter as all the other members of the Class and their claims are typical of all members of the Class. If brought and prosecuted individually, the claims of each Class Member would require proof of many of the same material and substantive facts, utilize the same complex evidence including expert testimony, rely upon the same legal theories and seek the same type of relief.

40. The claims of Plaintiffs and the other Class Members have a common cause and their damages are of the same type. The damages of Plaintiffs and the Class are different in kind than those suffered by other members of the broader community who do not hold private residential property interests. The claims originate from the same failure of the Defendant to properly design, operate, and maintain the Landfill and its operations.

9

41. All Class Members have suffered injury in fact as a result of the invasion of their properties by Defendant's release of noxious odors, causing damage to their properties.

E. **Adequacy of Representation**

42. Plaintiffs' claims are sufficiently aligned with the interests of the absent Class Members to ensure that the Class's claims will be prosecuted with diligence and care by Plaintiffs as representatives of the Class. Plaintiffs will fairly and adequately represent the interests of the Class and do not have interests adverse to the Class.

43. Plaintiffs' own private residential properties have been invaded and damaged by Defendant's noxious odor emissions, and thus they have a genuine personal interest in obtaining compensation for and abatement of the nuisance Defendant has created and maintained.

44. Plaintiffs have retained the services of counsel who are experienced in complex class action litigation and in particular class actions stemming from invasions of noxious industrial emissions. Plaintiffs' Counsel will vigorously prosecute this action and will otherwise protect and fairly and adequately represent Plaintiffs and all absent Class Members.

F. **Class Treatment Is the Superior Method of Adjudication**

45. A class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

   a. Individual claims by the Class Members would be impracticable as the costs of pursuit would far exceed what any one Class Member has at stake;

b. Little or no individual litigation has been commenced over the controversies alleged in this Complaint and individual Class Members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c. The concentration of litigation of these claims in one action will achieve efficiency and promote judicial economy; and

d. The proposed class action is manageable.

46. The prosecution of separate actions by or against individual members of the Class would create the risk of (i) inconsistent or varying adjudications with respect to individual members of the Class, which could establish incompatible standards of conduct for the party opposing the Class; and (ii) adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

47. Notice can be provided to members of the Class by U.S. Mail and/or publication.

## COUNT I

## PRIVATE NUISANCE PER ACCIDENS

48. Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

49. Each Plaintiff utilizes their property as a residence and resides within the proposed Class Area.

50. Defendant utilizes leachate disposal system and landfill gas collection system

11

that are intended to mitigate and/or control the noxious odors generated by the Landfill's leachate and gas.

51. These systems are negligently and/or recklessly maintained and/or operated at the Landfill, allowing noxious odors to escape the Landfill on occasions too numerous to list herein and settle on Plaintiffs' property.

52. Defendant is additionally required to maintain reasonable landfill maintenance practices, such as applying cover soil to contain loose refuse and odors therefrom.

53. Defendant has negligently and/or recklessly failed to maintain and operate the Landfill using reasonable Landfill maintenance practices.

54. Improper use of one's property in a manner that injures the land or other right of one's neighbor is a nuisance.

55. The invasions of Plaintiffs' private property by noxious odor emissions from the Landfill are the result of Defendant's negligent and/or reckless maintenance and/or operation of the Landfill.

56. Defendant was aware that its negligent and/or reckless operation and/or maintenance of the Landfill was causing noxious odor emissions to enter Plaintiffs' private residential properties, as evidenced by the violations and citizen complaints submitted against Defendant.

57. Despite Defendant's knowledge that it was emitting noxious odors onto neighboring properties, Defendant failed to take reasonably adequate steps to abate the nuisance.

58. As a result of Defendant's negligent and/or reckless operation and/or maintenance of the Landfill, noxious odor emissions invaded Plaintiffs' private residential property.

59. Plaintiffs have suffered substantial injury as a result of the unreasonable invasion of their property and interference with their use and enjoyment thereof by noxious odor emissions.

60. The unreasonable and substantial interference with Plaintiffs' use and enjoyment of their private property by Defendant has additionally caused diminution in the value of Plaintiffs' property.

## COUNT II

## PUBLIC NUISANCE

61. Plaintiffs incorporate by reference as if fully set forth herein each and every allegation in the Complaint.

62. The public has a right to breathe uncontaminated and unpolluted air in public spaces.

63. Defendant owed and continues to owe a duty to the public to prevent and abate the interference with, and the invasion of, the free use and enjoyment of public spaces by emitting noxious pollutants into the ambient air.

64. Separate and distinct from the property damage incurred by Plaintiffs and the putative class, Defendant's noxious odor emissions have substantially and/or unreasonably interfered with rights common to the general public, including the right to uncontaminated and/or unpolluted air.

65. Plaintiffs suffered and continue to suffer special harm, separate and distinct from that suffered by the general public due to the interference with shared public rights, relating to the use and enjoyment of their private residential property, deprivation of the full value of their property, and decreased property value.

66. While both Plaintiffs and the general public's right to breathe uncontaminated and unpolluted air in public spaces were similarly infringed by Defendant's emissions, Plaintiffs suffered special injury that the general public did not, in the form of loss of use and enjoyment of their private residential properties, deprivation of the full value of their property, and decreased property values.

67. Plaintiffs did not consent to noxious odors entering upon their property.

68. Whatever social utility is provided by the Landfill is clearly outweighed by the harm suffered by Plaintiffs and the putative class, who have on numerous occasions been deprived of the full use and enjoyment of their private residential properties and have been forced to endure substantial loss in the use and value of their properties.

69. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a public nuisance for which the Defendant is liable to Plaintiffs for all damages arising therefrom, including compensatory and injunctive relief, not inconsistent with, and in addition to, Defendant's state and/or federal regulatory obligations.

## COUNT III

## NEGLIGENCE

70. Plaintiffs incorporate by reference as if fully set forth herein each and every

allegation in the Complaint.

71. In maintaining, operating, and/or controlling the Landfill, Defendant owed and continues to owe a duty to Plaintiffs and the Class, as neighboring holders of private residential property interests, to exercise ordinary care and diligence to prevent noxious odors from invading their properties.

72. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and/or operated the Landfill and knew, or should have known, that such actions would cause Plaintiffs' property to be invaded by noxious odor emissions.

73. Defendant's breaches of its duties to Plaintiffs and the Class include, but are not limited to, the following:

    a. Defendant has failed to manage, treat, mitigate, and/or control the emissions created at the Landfill;

    b. Defendant has failed to properly maintain and/or operate its leachate disposal and its landfill gas collection system;

    c. Defendant has failed to properly maintain and/or operate the Landfill, including through failing to properly cover trash with a layer of soil as required by its permit;

    d. Defendant has failed to manage, treat, mitigate, and/or control the noxious odor emissions created during its Landfill operations; and

    e. Defendant has breached its duties in additional ways to be determined during discovery.

74. As a direct and proximate result of Defendant's failure to exercise ordinary care, Plaintiffs' property has been physically invaded by noxious odors.

75. As a direct and proximate result of Defendant's negligence in operating

15

Case 7:24-cv-00851-M-KS    Document 1    Filed 09/12/24    Page 15 of 17

and/or maintaining the Landfill, Plaintiffs' property has been exposed to and invaded by noxious odor emissions.

76. As a direct and proximate result of the invasion of Plaintiffs' private residential property by noxious odors, Plaintiffs have suffered physical property damage, including through diminution in property value, deprivation of full value of property, and substantial interference with use and enjoyment of property.

## V. RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of the proposed Class, prays for judgment as follows:

A. Certification of the proposed Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiffs as representatives of the proposed Class and designation of their counsel as Class Counsel;

C. Judgment in favor of Plaintiffs and the Class members and against Defendant;

D. Award Plaintiffs and the Class members compensatory damages arising from the property damages they suffered and any recoverable attorneys' fees and costs, including pre-judgment and post-judgment interest thereupon;

E. Injunctive relief not inconsistent with Defendant's federally and state enforced air permits;

F. An Order holding that entrance of the aforementioned noxious odors upon Plaintiffs' property constituted negligence and nuisance; and

G. Such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues raised in this Complaint.

Date: September 12, 2024

Respectfully Submitted,

/s/Valerie Johnson
Valerie Johnson
Ann Groninger
**Johnson & Groninger PLLC**
300 Blackwell St.
Suite 101
Durham, NC 27701
(919) 240-4054
valerie@jglawnc.com
ann@jglawnc.com

/s/Steven D. Liddle
Steven D. Liddle*
Laura L. Sheets*
D. Reed Solt*
**Liddle Sheets PC**
*Notice for Special Appearance forthcoming
975 E. Jefferson Ave
Detroit, MI 48207
(313) 392-0015
sliddle@lsccounsel.com
lsheets@lsccounsel.com
rsolt@lscounsel.com

*Attorneys for Plaintiff*

17